STATE ex rel. LUNDQUIST v. DISTRICT COURT OF SALT LAKE COUNTY et al.

No. 5058. Decided April 2, 1931. (297 P. 857.)

*B. L. Liberman,* of Salt Lake City, for plaintiff.

*King & King,* of Salt Lake City, for defendants.

STRAUP, J.

Judith Lundquist, on her petition to this court, was granted an alternative writ of prohibition to restrain the district court from punishing her for failure to comply with an order of the district court alleged to have been made without authority. The writ required the court to desist or show cause. It was made returnable June 14, 1930. On the return date the district court and the judge thereof filed a motion to quash the writ, and three days later filed an answer. The matter was regularly set on the calendar for hearing. No briefs were filed, and on the date set no one appeared on behalf of either party. The case was thereupon taken under advisement. Later at his request, counsel for the petitioner was given fifteen days to file a brief, and the defendants ten days to reply thereto. Again no brief was filed by either

party. The time has long passed to do so. We thus are required to dispose of the case without aid of counsel.

By the verified petition for the writ it is alleged that the petitioner and Oscar Lundquist intermarried in 1916 and that five children, from five months to twelve years of age, were the result of the marriage and were in the custody and control of the petitioner. That is admitted.

She further alleged that on and prior to April 12, 1930, she had on deposit in a bank at Salt Lake City $3,100, but that the fund was a joint and several account standing in her name and in the name of her husband and was subject "to withdrawal in whole or in part at any time," either by herself or by her husband; but that it was agreed and understood by and between her and her husband that the whole of the account belonged to her, and that she could draw it out at any time; that when she complained to him of cruel treatment towards her he told her "that the money in said account was her money and that she could draw it out at any time and get a divorce"; and that in accordance therewith, she, on April 12, 1930, drew $2,000 from the account, as she alleged she had the right to do, and that thereafter her husband, without right and in violation of his agreement with her, withdrew the balance of the account amounting to $1,100.

With respect to these allegations, it in the answer of the district court is alleged, on information and belief, that there was a joint account standing in the name of the petitioner and her husband, "and that the funds were subject to be drawn in whole or in part at any time by either plaintiff or her husband," but that the district court had "no knowledge that the money on deposit was approximately $3,100." It, however, is not by the answer alleged, either on information or belief or otherwise, what the amount was which stood in the name of the petitioner and her husband. On information and belief, it is alleged that whatever amount was so on deposit in the joint name of the petitioner and her husband was earned and deposited by her husband; that the

district court had no knowledge as to the manner in which the petitioner was treated by her husband, or as to any agreement made by him with her as to the ownership of the money, and therefore "upon information and belief denied the same." By the answer it is further admitted that the petitioner withdrew $2,000 from the account at the bank, but that the judge or court had no information as to whether her husband in withdrawing the balance of the money amounting to $1,100, did so "in violation of said agreement," and "on information and belief" denied that the husband did so in violation of "said agreement."

The petitioner further alleged that on April 15, 1930, "on account of persistent cruelties visited upon her by her husband which seriously impaired her health," etc., she in the district court of Salt Lake county filed a complaint by which she sought to obtain a decree of divorce; that summons was served on her husband, and that on May 7, 1930, he filed an answer, and, among others things, alleged that the plaintiff had "wrongfully withdrawn $2,000 from said joint deposit account and that the title to said moneys was in" him, and prayed for an order requiring the plaintiff to show cause why "she should not immediately return to the said Oscar Lundquist the said sum of $2,000"; that in pursuance thereof the district court issued "an ex parte order without notice served on the plaintiff requiring her to show cause before" the district court "on May 9, 1930, why she should not forthwith return the said amount of $2,000 to the said Oscar Lundquist and restraining the plaintiff from disposing of or expending any part or portion of said sum"; that such order to show cause and the restraining order were issued without requiring her husband to furnish any bond, and that such proceedings so had were "in violation of the statutes in such cases made and provided"; that the petitioner filed a reply to the answer of her husband denying his claim and title to the moneys, and averring that she was the owner and entitled to the possession of the $2,000 and that she had the right to withdraw it; and also filed a mo-

tion to quash the order to show cause, on the ground that the order so made and in such a summary manner requiring the petitioner to return the moneys to her husband was without and in excess of jurisdiction, and that such "matters could and should be determined in a plenary action, or in the trial of the divorce action upon the merits."

All that was either admitted or not denied, except that the order to show cause was without or in excess of jurisdiction or was "in violation of the statute as in such case made and provided."

The petitioner further alleged that the matter with respect to the order to show cause came on for hearing, and that the court, "without taking any evidence or giving the plaintiff an opportunity to introduce any evidence, announced that an order would be issued requiring the plaintiff to redeposit the said sum of $2,000" in the bank, "and thereupon overruled the motion to quash the order to show cause and signed and entered an order requiring the plaintiff forthwith to return to the general account of plaintiff and her husband the sum of $2,000"; and that in so doing it again was alleged the court acted without and in excess of jurisdiction, and in a summary manner unwarranted in law deprived the petitioner of property and of a property right.

As to that, the district court alleged that the motion to quash the order to show cause was overruled, that the plaintiff in her complaint for divorce had alleged that she and her husband had a deposit in a joint account in the bank in the sum of approximately $2,000 subject to be withdrawn by either the plaintiff or her husband, and in her complaint prayed that her husband be restrained from withdrawing any part thereof, and that the court, "being otherwise fully informed by the admitted statements of counsel for the plaintiff" (what they were is not alleged), made and entered an order that the plaintiff redeposit the $2,000 in the bank, and restrained her and her husband from withdrawing any part of it, providing, however, that the hus-

band could use the money in his business, upon furnishing a bond satisfactory to "plaintiff's attorney and in the event he was unable to satisfy plaintiff's attorney as to the sufficiency of a bond that he then satisfy this court before said money could be withdrawn from the said bank account"; and the district court denied that it acted without or in excess of jurisdiction, or that the order made requiring the petitioner to return the $2,000 to the bank was void.

It then is alleged and admitted that the petitioner failed to comply with the order, and thereupon a further order was made and a citation issued requiring her to show cause why she should not be punished for contempt for failing to comply with the order. At that stage of the proceedings on the petitioner's application an alternative writ was issued commanding the court to desist or show cause.

An affidavit of the husband also is filed in this proceeding wherein he deposed to similar matters and things averred in the answer of the district court, and wherein he too admitted or averred that the moneys deposited in the bank were in the joint name of the petitioner and in his name, and that the whole or any part thereof was subject to the withdrawal at any time by either. But he did not deny that the moneys in fact belonged to the petitioner, nor did he aver that they belonged to him.

We regret that the proceedings in the district court affecting jurisdiction were not more fully made to appear. When the verified petition for the writ was presented, we on the face of it were of the opinion that prima facie case was presented entitling the petitioner to an alternative writ and thus granted it. In the petition for the writ as is seen, it in effect is averred that the moneys which were on deposit in the bank amounting to $3,100, of which there is no substantial dispute, were in effect the moneys of the petitioner, but were deposited in her name and in the name of her husband, and that the whole or any part thereof was subject to withdrawal by either; that it was agreed and understood by and between the petitioner

and her husband that the moneys in fact belonged to her, and that she had the right to withdraw the whole thereof at any time; that about four days before the divorce action was commenced, she as matter of right withdrew $2,000 of the account and that thereafter her husband, as she averred, wrongfully withdrew the balance amounting to $1,100; that upon the husband filing his answer in the divorce action on May 7, 1930, the court, ex parte on the husband's application and on his answer, issued an order requiring the petitioner to pay or return the $2,000 to her husband or that she, on May 9, 1930 two days after the order was issued, show cause why she should not do so; that the court overruled her motion to quash the order, and without taking any evidence or giving her an opportunity to introduce evidence, and notwithstanding that she by her verified reply had denied the allegations of her husband as to his right or claim to the $2,000 or any part thereof, and averred her right and claim thereto, made and entered an order that she forthwith return the $2,000 and the whole thereof to her husband; and, upon failure so to do, cited her in to show cause why she should not be punished for contempt.

When the petition for the writ was presented we thought, and still think, it stated a prima facie case, and that the court, in view of the pleadings before it, could not in such an ex parte and summary manner, and without hearing and taking evidence, or giving the petitioner an opportunity to adduce evidence, so dispose of the matter and compel her to return the $2,000 to her husband or to the bank, which moneys by her pleadings in the divorce action were claimed by her and were subject to withdrawal by her at any and all times as matter of right.

We think that the material allegations of the petition were not sufficiently denied by the answer of the district court or by the affidavit of the husband. By the answer it was admitted or not denied that the petitioner, by her reply to the answer of her husband in the divorce action, denied his claim and right to any part of the

$2,000, and averred that she had right and title thereto. By the answer the district court further admitted or averred that there was on deposit at least $2,000 in the bank in the joint name of the petitioner and of her husband and subject to withdrawal by either at any time, and that the petitioner withdrew $2,000 from the deposit, the exact amount of which deposit or fund the court averred it was not sufficiently informed, but did not deny that the husband himself withdrew $1,100 of such deposit, the denial being, on information and belief, that he withdrew it in violation of the agreement alleged by the petitioner. As to whom the fund in fact belonged, the district court, on information and belief, but averred that it was earned and deposited by the husband. But the husband in his affidavit filed in this proceeding did not deny the averment in the petition that the fund on deposit belonged to the petitioner, nor did he aver that it or any part thereof belonged to him, nor did he deny as alleged in the petition that it was agreed and understood between him and the petitioner that she could at any time withdraw the whole of the fund or any part thereof. What in such respect he did aver was that the money on deposit in the joint account of the petitioner and himself "was money necessary to be used by him in the conduct of his contracting business," and that, unless the petitioner returned the money to him to be used in his business, he was unable to carry it on, and that such money was necessary to enable him to obtain and carry on building contracts.

Neither the district court nor the husband denied that the order made that the petitioner forthwith return the $2,000 to the husband, or show cause, was made ex parte, or that the order made requiring her to pay such amount to him, or to the bank, was made without taking evidence or giving the petitioner an opportunity to adduce evidence, the averments by the district court in such respect being that the petitioner in her complaint in the divorce action averred that there was a joint account in the bank ap-

proximately $2,000 and subject to withdrawal by either the petitioner or her husband, and the court "being otherwise fully informed by the admitted statements of counsel for the plaintiff," without stating or averring what they were made and entered the order requiring the petitioner to redeposit $2,000 in the bank, and restrained her from withdrawing any part thereof. Such a denial is not a sufficient denial of the averment in the petition for the writ. Nor did the district court or the husband aver that anything was made to appear that when the order was made or the citation issued the petitioner possessed, or had ability to pay, the $2,000, or any part thereof. But aside from that, we are of the opinion that, the material allegations of the petition not being sufficiently denied or put in issue, the alternative writ heretofore issued should be and hereby is made permanent. Such is the order. No costs are allowed against the district court or the judge thereof. The petitioner's taxable costs of this proceeding are allowed against the husband, Oscar Lundquist.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.